IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIRAN L. BROWN, #311-527<br>　　　　　Petitioner, | * |
| | * |
| v. | CIVIL ACTION NO.   WDQ-06-1696 |
| | * |
| JAMES S. SMITH[1] and<br>THE ATTORNEY GENERAL OF THE<br> STATE OF MARYLAND<br>　　　　　Respondents. | * |
| | * |

## MEMORANDUM

Before the Court is the pro se Petition for Writ of Habeas Corpus filed by petitioner Tiran L. Brown as amended (Paper Nos. 1 and 6), Respondents' Answer and exhibits filed in response thereto (Paper No. 13), and Brown's replies thereto.  Paper Nos. 15, 18 and 19.  After reviewing these papers, the Court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*;  *see also* 28 U.S.C. § 2254(e)(2).  For reasons set forth below, the Court denies relief and dismisses the Petition with prejudice.

## Procedural History

On October 17, 2000, Brown was indicted in the Circuit Court for Baltimore City on charges of rape and sexual abuse of his eight-year-old daughter during an incident occurring on September 12, 2000.  Paper No. 13, Exhibit 1 at 2.  At trial, jurors heard a recording of Brown's confession given to a Baltimore City Police Department detective.[2]  On August 27, 2002, the jury found Brown guilty of first-degree rape, second-degree rape based on age, second-degree rape not based on age, third-degree sex offense based on age, third-degree sex offense not based on age, sexual child abuse,

---

[1] The current Warden of the Jessup Correctional Institution, where Petitioner now is confined, is James S. Smith.

[2] A transcript of the recording was entered into evidence.  Paper No. 13, Exhibit 4 at 3.

incest, and second-degree assault. *Id*., Exhibit 1.  On December 16, 2002, Brown was sentenced to fifty years incarceration for first-degree rape, a consecutive fifteen-year term for sexual child abuse, and a term of ten years for incest, to run concurrently with the fifteen-year sentence.[3]  *Id*., Exhibit 1.

On direct appeal, Brown argued that: (1) his custodial statement should have been suppressed because he was told that if he confessed, the detective would see that his daughter would not have to testify about the incident; (2) the evidence was legally insufficient to support his conviction of rape in the first degree; and (3) he was denied a fair trial by the judge's decision to permit the prosecutor to impeach him with a prior conviction for manslaughter.  *Id*., Exhibit 2.  The Court of Special Appeals of Maryland rejected these arguments and affirmed the convictions in an unreported opinion.[4]  *Id*., Exhibit 4.  The Court of Appeals of Maryland denied Brown's pro se application for certiorari review of these three issues on June 18, 2004.  *Id*., Exhibits 5 and 6.

On June 14, 2005, Brown initiated post-conviction proceedings in the Circuit Court for Baltimore City.  *Id*., Exhibit 7.  In his petition, as amended, Brown through counsel argued that:

(1)   trial counsel was ineffective for failing to:

   (a)   make alternative arguments bearing on the interference with his initial attachment of counsel;
   (b)   challenge and argue his "illegal removal" from the custody of the Central Booking Detention Center;
   (c)   cross-examine the State's chief witness, his daughter;
   (d)   object or request to strike an improper personal narration by the prosecutor while examining one of the State's witnesses;
   (e)   move to strike hearsay testimony in violation of the Confrontation Clause;
   (f)   preserve the record for appeal in the context of inadmissible testimony

---

[3] The remaining offenses were merged.  *Id*.

[4] The mandate issued on May 5, 2004.  *Id*.

|     |     |     |
| --- | --- | --- |
|     |     | concerning the child's behavior after the incident; |
|     | (g) | object to an improper jury instruction; |
|     | (h) | preserve the record for appeal with regard to all transcript-based arguments raise on post-conviction; |
|     | (i) | file a motion for modification of sentence; |
|     | (j) | file an application for review of sentence; and |
|     | (k) | reopen the defense case and call him back to the witness stand. |

*Id*., Exhibits 7-9.  Brown also argued

(2)   he was unfairly prejudiced by pretrial rulings that determined out-of-court statements by an eight-year-old witness were admissible and allowed testimony of a social worker.

*Id*., Exhibit 9.  Following a hearing, the post-conviction court issued a statement of reasons and order on March 31, 2006, granting the petition in part to allow Brown to file a motion for the appointment of a three-judge review and file a motion for modification of sentence, and denying all other claims. *Id*., Exhibit 12.  Petitioner through counsel filed an application for leave to appeal arguing solely that defense counsel rendered ineffective assistance of counsel by failing to make a motion to suppress Brown's confession on Sixth Amendment grounds.  *Id*., Exhibit 11.   In an unreported opinion filed on June 22, 2006, the Court of Special Appeals of Maryland summarily denied the application for leave to appeal.[5]  *Id*., Exhibit 12.

On July 5, 2006, Brown sought habeas corpus relief in this Court. In his original petitioner as amended , he alleged:

(1)   ineffective assistance of trial counsel for failing to argue that his confession should be suppressed on Sixth Amendment grounds ("attachment of counsel");

(2)   trial court error in denying the motion to suppress his confession based on improper inducement; and

(3)   ineffective assistance of trial counsel for failing to question the State's chief witness,

---

[5]The mandate was issue on July 27, 2006. *Id*.

-3-

    his daughter.

Paper Nos. 1 and 6.

### Threshold Considerations

#### Timeliness

Respondents do not contend, and the Court does not find, that the Petition was filed outside the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).

#### Exhaustion of State Remedies

Under *Rose v. Lundy*, 455 U.S. 509 (1982), those petitioning for federal habeas corpus relief must first exhaust each claim by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. §§ 2254(b)-(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking *certiorari* to the Court of Appeals) and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal. Brown no longer has any state direct review or collateral review remedies available to him with respect to the claims raised in this Court. Thus, his claims will be considered exhausted for the purpose of federal habeas corpus review.

#### Procedural Default

Respondents contend that Brown's ineffective assistance of counsel claim concerning counsel's failure to cross-examine his daughter is procedurally defaulted. Paper No. 13 at 22-23. Petitioner argues that his attorney decided not to raise this ground in his application for leave to appeal the denial of post-conviction relief, and that he should not be penalized for this omission.

...
Case 1:06-cv-01696-WDQ   Document 20   Filed 10/29/07   Page 5 of 14

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). In *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), the Supreme Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules, unless the petitioner makes a showing of cause for the failure and prejudice resulting from the failure. In *Harris v. Reed,* 489 U.S. 255, 267 (1989), the Court emphasized that a federal court has the responsibility to determine whether a state court in fact based its denial of relief on procedural grounds. In *Teague v. Lane*, 489 U.S. 288, 299 (1989), however, the Court determined that the rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding. *See id.* at 299. Thus, claims which have never been presented in the state courts--or claims which were not exhausted properly in the state courts--are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *See Johnson v. Maryland*, 915 F.2d 892, 895 (4th Cir. 1990).

Petitioner's ineffective assistance claim concerning the lack of cross-examination of Brown's daughter was raised at the post-conviction hearing but not in the counseled application for leave to appeal the denial of post-conviction relief. Infirmities in state post-conviction proceedings cannot serve as a basis for federal habeas corpus relief. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988).

Brown has not met the first exception to the procedural default doctrine by showing cause for default. The second exception, the miscarriage of justice standard, is directly linked to innocence. *See Schlup v. Delo*, 513 U.S. 298, 320 (1995). Innocence is not an independent claim;

rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*.; *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986). To meet this standard Brown must show it is more likely that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id*.

> *Schlup* observes that:
>
> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial**.**

*Id*. at 324; *see also House v. Bell*, 126 S. Ct. 2064, 2077-78 (2006).

Brown has failed to present such evidence, and review of the record does not suggest that it exists. Petitioner has failed to overcome the procedural bar. His claim concerning counsel's failure to cross-examine his daughter is procedurally defaulted and foreclosed from federal habeas review.[6]

## Standard of Review

Because this Petition was filed after April 24, 1996, it is to be decided under amendments to the habeas corpus statutes contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Beck v. Angelone*, 261 F.3d 377, 380 n.3 (4th Cir. 2001). AEDPA modified the federal court's role in habeas proceedings in order

---

[6] The Fourth Circuit deems it appropriate to address the merits of claims where it is uncertain whether a state procedural rule could be properly considered adequate and independent grounds for invoking the procedural default doctrine. *See Burket v. Angelone*, 208 F.3d 172, 184 (4th Cir. 2000) (reviewing merits of habeas corpus claims where scope of procedural bar was unclear); *Bacon v. Lee*, 225 F.3d 470, 477 (4th Cir. 2000); *Royal v. Taylor*, 188 F.3d 239, 248 (4th Cir. 1999); *see also concurring opinion, McNeill v. Polk*, ___ F.3d ___, 2007 WL 258174, \*\* 9-10 (4th Cir. 2007). In any event, the determinations by the post-conviction court denying Brown's claim of ineffective assistance of counsel concerning the failure to cross-examine appears reasonable and would be upheld here pursuant to 28 U.S.C. §2254(d).

to prevent federal "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *See Bell v. Cone*, 535 U.S. 685, 693 (2002). Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in our cases." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).[7] Section 2254(d) also requires federal courts to give great deference to a state court's factual findings. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct absent clear and convincing evidence to the contrary. A petitioner has the burden of rebutting the presumption of correctness, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See Miller-El v. Cockrell*, 537 U.S. 322, 340

---

[7] Although § 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), "which demands that state court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*), a state court decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 at 412-413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409-410; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003); *Booth-el v. Nuth*, 288 F.3d 571, 575 (4th Cir. 2002).

(2003); *see also Stroud v. Polk*, 466 F.3d 291, 295 (4th Cir. 2006). Using this framework, the undersigned now examines petitioner's remaining claims of ineffective assistance of trial and appellate counsel, trial court error, and prosecutorial misconduct in closing argument.

## Analysis of Petitioner's Undefaulted Claims

### Ineffective Assistance of Trial Counsel

To establish a claim of ineffective assistance, petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). With regard to the first prong of this test, this court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. All circumstances are to be considered, and the court's scrutiny of counsel's conduct must be "highly deferential." *Id.* at 688-89.

Even if it is determined that counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A federal writ can be granted only if a state court decision "was contrary to, or involved an unreasonable application of, clearly established" precedents of the Supreme Court. 28 U.S.C. § 2254(d)(1). This "unreasonable application" prong permits the writ to be granted when a state court identifies the correct governing legal principle but unreasonably applies it to the facts of a petitioner's case. *See Williams v. Taylor*, 529 U.S. at 413. For this standard to be satisfied, the state court decision must

have been "objectively unreasonable," *id*. at 409, not just incorrect or erroneous.

Petitioner argues that trial counsel failed to argue that his right to counsel had attached prior to the time he confessed, and thus the interrogation leading to his confession was improper under the Sixth Amendment. He further argues that he was improperly removed from the Baltimore City Detention Center to police headquarters for the purpose of interrogation. Paper No. 6 at 2. This claim was examined and rejected by the post-conviction court under both a Fifth Amendment and a Sixth Amendment analysis:

> Trial counsel argued, in both a pre-trial motion and during the pendency of the trial, that Petitioner's confession should be suppressed on the common law ground that the confession was involuntary. In Petitioner's Petition for Post Conviction Relief dated June 14, 2005, and at the hearing held on Petitioner's Petitions on February 22, 2006, Petitioner alleges that trial counsel rendered ineffective assistance of counsel because she should have based the suppression argument on a Sixth Amendment ground: that Petitioner's confession was elicited in violation of his Sixth Amendment Right to Counsel, and therefore should be suppressed.
>
> Before deciding whether Petitioner's trial attorney rendered ineffective assistance of counsel this Court must first consider whether Petitioner's right to counsel was violated....
>
> *Miranda v. Arizona,* 384 U.S. 436 (1966) dictates that when a suspect is taken into custody, the person is entitled, as a matter of right, to certain procedural safeguards before law enforcement officers may interrogate that person. Those rights include the right to consult with an attorney[.] *Id*. at 444. Once a suspect asks to speak with an attorney, that person may not be interrogated further until either counsel has been made available or until the suspect validly waives the earlier request for an attorney. *Id*. 444-445; *Radovsky v. State*, 296 Md. 386, 392 -93[,] 464 A.2d 239, 242-43 (1983) (noting *per se* rule precluding police initiated interrogation after an arrestee has expressed a desire for the assistance of counsel.)
>
> In his argument at the Post Conviction Hearing, Petitioner relied on *Edwards v. Arizona*, 451 U.S. 477 (1981) and argued that when officers from the Baltimore City Police Department interrogated him they violated his Sixth Amendment right to counsel. Petitioner's reliance on *Edwards* to support a Sixth Amendment argument is in error because the rule in *Edwards*, is developed through an analysis under the Fifth Amendment; holding that "an accused having expressed his desire to deal

with the police, only through counsel, is not subject to further interrogation by the authorities until counsel is available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." 451 U.S. at 484-485 (1981).

To ensure that every allegation presented by Petitioner is fully considered, this Court will consider whether Petitioner asserted his rights under either the Fifth or Sixth Amendments. Before analyzing Petitioner's Sixth Amendment claim, this Court will consider whether Petitioner's Fifth Amendment right to counsel was violated. A Fifth Amendment right to counsel cannot be inferred from an invocation of a Sixth Amendment right to counsel. *McNeil v. Wisconsin*, 501 U.S. 171, 177 (1991)....

At his Post Conviction Hearing, Petitioner testified that he was represented by the Office of the Public Defender at his bail review hearing held at the District Court of Maryland for Baltimore City, on September 22, 2000, and that this action invoked his right to counsel. The State provided no information contradicting this assertion. [n.6 No transcript or video recording of the bail review hearing was provided to this Court.] In viewing the evidence presented at the Post Conviction Hearing in the light most favorable to the Petitioner, this Court finds that Petitioner was represented by the Office of the Public Defender at the bail review hearing. At his Post Conviction Hearing, Petitioner testified that he was present at the bail review hearing and located in a position where he could hear statements made by his public defender. He could not see his counsel. Petitioner does not claim that he made any statements at the bail review hearing.

In *Moran v. Burbine*, 475 U.S. 412 (1986), the United States Supreme Court held that the privilege against compulsory self-incrimination, that is protected by the Fifth Amendment, "is a voluntary one that can only be invoked by the individual whose testimony is being compelled." In *Moran* the Court concluded that a unilateral action of an attorney cannot invoke a defendant's Fifth Amendment rights, the Maryland Court of Appeals has further stated that "there is no agency theory where an attorney could invoke the personal right on behalf of a client." *Marr v. State*, 134 Md. App. 152, 170 (2000). Petitioner presented no testimony indicating that he notified any state actor of an intention to invoke his right to counsel; and no statement made by counsel at the bail review hearing, or in any other setting, could invoke Petitioner's right to counsel on his behalf.

The right against self-incrimination is one that must be asserted in a custodial interrogation. A bail review hearing does not present such a setting. In *Marr v. State* (citation omitted), the Maryland Court of Special Appeals, found that a valid invocation of right to counsel must take place in the context of a custodial interrogation, stating that, "*Miranda*'s safeguards were intended to provide protection against the inherent coerciveness of custodial interrogation. The "inherent compulsion" that is

-10-

brought about by the combination of custody and interrogation is crucial for the attachment of *Miranda* rights." *See Miranda*, 384 U.S. at 478. Petitioner was never questioned at the bail review hearing, nor did he make any statements. The bail review hearing was not a custodial interrogation. The Petitioner's Fifth Amendment right to counsel was neither invoked nor abridged at his bail review hearing....

In determining whether Petitioner's Sixth Amendment right to counsel was violated, this Court must determine, as a threshold issue, whether the Sixth Amendment applies in this case.

Petitioner alleged at his Post Conviction Hearing, that the Sixth Amendment right to counsel had attached before the detectives from the Baltimore City Police Department interrogated him on September 28, 2000. Petitioner cites two events, which he claims entitle him to the protection of the Sixth Amendment: the application for statement of charges, which resulted in the charging document; and the bail review hearing.

The Sixth Amendment to the United States Constitution states that:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and the cause of the accusation; to be confronted with the charges against him."

"The right to counsel provisions in Article 21 of the Maryland Declaration of Rights are in *pari materia* with the Sixth Amendment." (Citations omitted). The Sixth Amendment of the Constitution is applicable to the States through the Fourteenth Amendment and serves to "assure aid at trial." *United States v. Gouveia*, 467 U.S. 180, 188 (1984).

The Sixth Amendment right to counsel attaches at the time that adversarial judicial proceedings are initiated against the defendant. *Conyers v. State*, 354 Md. 132, 191, 729 A,2d 910, 942 (1999), citing *United States v. Gouveia*, 467 U.S. 180, 197 (1984), quoting *Kirby v. Illinois*, 406 U.S. 682 (1972). The Sixth Amendment right to counsel does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings, whether by the way of formal charge, preliminary hearing, indictment, information or arraignment. *Texas v. Cobb*, 532 U.S. 162 (2001).

For this Court to find that the Sixth Amendment had attached at the time of the police interrogation on September 28, 2000, this Court would have to find

-11-

that the application for statement of charges* and the resulting charging document** constituted formal charges as contemplated by *Conyers*, 354 Md. at 191.

In *State v. Smith*, 316 Md. 223, 231-232, 557 A.2d 1343, 1348 (1989), the Maryland Court of Appeals held that a statement of charges places a prisoner on a path toward trial, but that formal prosecution has not begun for the purpose of the Sixth Amendment. [Citation omitted].  Similarly, in this case, Petitioner had not been formally charged by way of criminal indictment prior to the police interrogation.*** The application for statement of charges**** and the resulting charging document***** were not formal charges against Petitioner.  Adversarial judicial proceedings did not begin until Petitioner's indictment on October 17, 2000.******

Petitioner further alleged, that the Sixth Amendment right to counsel attached when the Office of the Public Defender represented him at the bail review hearing held on September 22, 2000.

The Maryland Court of Appeals has held that a bail review hearing is not [a] "critical stage" of criminal proceedings, and as such the Sixth Amendment does not attach for the purposes of bail review hearings; *Fenner v. State*, 381 Md. 1, 23, 846 A.2d 1020, 1033 (2004) (holding, generally, "there exists no Sixth Amendment right to provided counsel during a bail review hearing, the only purpose of which is to ascertain the appropriate amount of bail pursuant to Md. Rule 4-216.").  In the instant case, Petitioner presented no testimony, nor did he make any allegations, to indicate that the initial presentation to the commissioner was for any purpose other than to set bail.  As such this Court finds that Petitioner's Sixth Amendment right to counsel was not abridged by the police interrogation because that right had not attached.

Petitioner was not entitled to have his confession suppressed based on an argument that it was elicited in violation of his Fifth or Sixth Amendment right to counsel.  Trial counsel did not render ineffective assistance of counsel with respect to this allegation.

Paper No. 13, Exhibit 10 at 7-13.

_____

| | |
|---|---|
| * | Petitioner's Exhibit 2. |
| ** | Petitioner's Exhibit 4. |
| *** | Petitioner's Exhibit 2, *Supra.* |
| **** | Petitioner's Exhibit 4, *Supra.* |
| ***** | Petitioner's Exhibit 4, *Supra.* |
| ****** | *State of Maryland v. Tiran Brown, a.k.a. Trian Brown*, Criminal File Case Numbers 100291017, 18, 20 |

This well-reasoned opinion fully comports with federal precedent and will not be disturbed here.

## Trial Court Error

Brown also argues that the trial court erred in failing to suppress his confession based on "inducements and promises made." On direct appeal, he argued that his custodial statement should have been suppressed because he was told that if he confessed, the detective would see that his daughter would not have to testify about the alleged rape. Paper No. 13, Exhibit 1 at 11-16. The appellate court disagreed, finding that

> [a]ppellant's argument is based on a consideration of the facts as found by the trial court in the light most favorable to him rather than in the light most favorable to the State. The trial judge did not say she believed appellant's testimony about what the detective told him. She said that the testimonies of the detective and appellant could be reconciled as to a specific finding – that appellant "was told that...[the victim] would not have to testify if the [appellant] confessed."
>
> Viewed in the light most favorable to the State, the court's finding was that the detective did not promise anything to appellant, but merely "made the statement that [the victim] would not have to testify if the [appellant] confessed" We agree with the court's conclusion that such a statement is not a promise or inducement. The court did not err in denying the motion to suppress.

Paper No. 13, Exhibit 4 at 7-8.

The appellate court's decision appears to be based on Maryland's common law standard for admissibility of confessions and not on federal law. The appellate court's fact-finding determinations are presumed reasonable under 28 U.S.C. § 2254(e)(1). Under federal law, a confession is deemed involuntary if the defendant's will has been overborne by the action of police and obtained through substantial coercion and inducement. *See Haynes v. Washington*, 373 U.S. 503, 513; *United States v. Pelton*, 835 F.2d 1067, 1071 (4th Cir. 1987) (defendant's capacity for self determination must be "critically impaired"). In making this determination, this Court must examine

whether due process was violated after examining the totality of the circumstances under which the confession was made. *See Haynes,* 373 U.S. at 513; *Schneckloth v. Bustamonte,* 412 U.S. 218, 226 (1973); *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991); *Grades v. Boles*, 398 F.2d 409, 412 (4th Cir. 1068).

The trial judge fully examined the circumstances under which the confession was obtained. While she found the detective did tell Brown his daughter would not have to testify if he confessed,[8] she also found the statement to be neither an inducement nor a promise. These findings are supported by the record, are congruent with applicable federal law, and will be upheld here.

This court has considered the trial record in light of the deferential standard for evaluating state court rulings, and the decisions of the state appellate and post-conviction courts are objectively reasonable and align with Supreme Court precedent. Their findings with regard to Brown's undefaulted claims must be upheld pursuant to 28 U.S.C. §2254(d) and (e). Accordingly, Brown's petition for habeas corpus relief shall be denied and dismissed by way of separate order.

October 29, 2007  
 Date

/s/  
William D. Quarles, Jr.  
United States District Judge

---

[8] Indeed, those who confess often enter guilty pleas, thus eliminating the need for witness and victim testimony.